A95A2627. SCOTT v. THE STATE.
(466 SE2d 678)

BEASLEY, Chief Judge.

Scott was convicted of armed robbery (OCGA § 16-8-41), aggravated assault (OCGA § 16-5-21), and possession of a firearm during the commission of a crime (OCGA § 16-11-106).

1. Scott contends the court erred in restricting his counsel from questioning jurors during voir dire about possible racial bias, thereby violating a substantial right provided by OCGA § 15-12-133. *Legare v. State*, 256 Ga. 302, 303 (348 SE2d 881) (1986).

Scott has not supplied a copy of the transcript of the voir dire nor did he object to any alleged restriction in questioning prospective jurors but instead, when queried by the court, affirmatively stated he had no objection to the method used to select the jury. "Generally, the failure of a party to raise an objection to the make-up of the jury until after the return of the verdict constitutes a waiver of the issue on appeal." *Vaughn v. State*, 173 Ga. App. 716, 717 (3) (327 SE2d 747) (1985). In addition, errors not raised at trial will not be considered. *Timberlake v. State*, 246 Ga. 488 (271 SE2d 792) (1980); *Tucker v. State*, 245 Ga. 68 (263 SE2d 109) (1980); *Brown v. Thomas*, 257 Ga. 68, 69 (1) (354 SE2d 830) (1987). For both reasons, the decision of the trial court is not subject to appellate review. *Grice v. State*, 199 Ga. App. 829 (406 SE2d 262) (1991).

2. Scott contends that the court erred in communicating with the jury during his absence from the courtroom, in three instances, while

the jury was deliberating.

The court received the first two notes on the afternoon of the first day of the jury's deliberation. The first note was received while the judge was in the midst of selecting a jury for a different case. The note inquired, "Sir, could we be told when Scott was 1st named by a witness and why was the Sgt. not called as a witness?" Without consulting either side, the court responded, "You will have to decide the case based on the evidence you heard." Later, when the judge informed counsel of his action, he stated he knew that it was "the only answer that we could possibly come up with" and made the note a part of the record.

In the second note, the foreperson wrote, "We have taken 4 votes and we are still at 10-2." Again without consulting either side, the court responded, "Would you like to go home and try tomorrow?" After dismissing the jury for the day, the judge inquired whether the defense had any objections to the instructions that had been given and the defense answered in the negative.

A " ' "defendant on trial must be present when the court takes any action materially affecting his case." [Cits.]' " *Collins v. State*, 191 Ga. App. 289, 290 (381 SE2d 430) (1989). This is to afford an important opportunity to object to the action contemplated, such as the recharge and the manner in which it is given. *Collins*, supra at 291. It must be vigilantly protected, even when the practical desire for expediency tempts that exception be made. Collins' conviction was reversed because the trial court charged on a substantive issue in the absence of defendant and his counsel. Collins unlike Scott, nevertheless, objected to the court's responses and moved for a mistrial. Nevertheless, Scott and his counsel should have been present when the court communicated with the jury.

However, the failure to object and the non-prejudicial nature of the court's instructions to the jury in these two instances preclude reversal on this basis. " ' "In considering the right of the accused to be present at every stage of the trial, and to have his counsel present, we must not lose sight of the further principle, equally well established, that a new trial will not be granted on account of an error which manifestly caused no injury to the accused. It would be trifling with justice to set aside a verdict clearly and strongly supported by the evidence, solely on the ground that such an error had been committed by the trial judge. To warrant such action by a reviewing court, it must be manifest that the error was prejudicial in character." [Cit.]' " *Collins*, supra at 290.

The third instance occurred the next morning when, after about two and one-half hours of deliberation, the foreperson notified the court in writing, "We have an ill juror." The court responded, "Does it appear that the juror is unable to continue on the case?" To which

the foreperson responded, "Yes." At that point the court replaced the sick juror with the alternate, without consulting the State or Scott. The court did not make its own independent determination that the juror was in fact ill and could not complete deliberations, which it should have done. Applying OCGA § 15-12-172 is a matter requiring an informed exercise of discretion. *Baptiste v. State*, 190 Ga. App. 451, 453 (2) (379 SE2d 165) (1989). When informed of the court's action, Scott objected.

*Baptiste* did not win a new trial because he had agreed to proceed with 11 jurors, and the trial had not yet begun. In this case, the problem arose after the jury began its deliberation.

In *Cleveland v. State*, 218 Ga. App. 661 (463 SE2d 36) (1995), the court properly dismissed a juror after determining that the juror had a bona fide medical emergency. In Scott's case, the court made no inquiry of the juror despite the court's knowledge that on four occasions during the previous day the jury had split its vote. See *Green v. Zant*, 715 F2d 551 (11th Cir. 1983), and *Peek v. Kemp*, 746 F2d 672 (11th Cir. 1984), where the court improperly dismissed jurors without making a reliable determination of whether there was actual incapacitation.

Taking such premature action in Scott's absence cannot be regarded as harmless. Scott was denied an opportunity to verify that the juror was too ill to continue and to be heard before the court decided what to do. A defendant must be present when the court takes any action *materially* affecting his case. *Collins*, supra at 290. Changing the composition of the jury is without doubt a material action. A new trial is required because we cannot conclude that the juror would have been excused if further inquiry had been undertaken and defendant had been heard. She may have been one who voted not to convict.

*Judgment reversed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 5, 1996.

*William H. Turner, Jr.*, for appellant.
*Robert E. Keller, District Attorney, Nancy Trehub, Assistant District Attorney*, for appellee.