## A98A1801. CLOUD v. THE STATE.
(510 SE2d 370)

Judge Harold R. Banke.

James Orlando Cloud was convicted of rape, aggravated sodomy, and kidnapping. He enumerates seven errors on appeal.

This case arose one evening after Cloud telephoned the victim and asked if she wanted company. In response, the victim picked Cloud up and drove him back to her apartment. Shortly after their arrival, Cloud complained that he was tired of her playing with him.[1] He demanded that she remove her clothes and submit to sex. Then he pulled out a gun and put it to her head. She begged him to put the gun away, acceded to his demand for sex, and removed her clothing. He forced her to place a condom on him and then raped her. When he was finished, Cloud forced her to flush the condom down the toilet, wiped himself with a towel, and demanded money. He took $5 from her purse and demanded that she obtain more for him at an automatic teller machine ("ATM"). Then he forced her to perform oral sex and raped her again.

After compelling her to flush the condom, Cloud forced the victim to leave her two-year-old daughter and drive him to an ATM at a nearby grocery. When they arrived, Cloud took her keys and followed her into the store. Cloud left after the victim succeeded in summoning help. *Held*:

1. Cloud maintains the trial court committed reversible error by replacing one of his jurors with an alternate. After some difficulty in reaching a unanimous verdict, the juror at issue sent the court a note stating, "Dear Judge, I, . . . , Number 33, *cannot* take this anymore. Please. It is making me sick." Upon questioning outside the panel's presence, Juror 33 explained that he could not judge Cloud, stating "I mean I cannot say if he, you know, committed all these crimes or not, you know. I mean, I can't, you know . . . I don't want to go back in there anymore." At that, the juror started crying. Cloud then unsuccessfully moved for a mistrial.

---

[1] This comment was apparently related to the fact that the two had engaged in intercourse once several months earlier, but then he annoyed the victim and she told him to leave her alone.

OCGA § 15-12-172 authorizes trial courts to replace jurors who die, become ill, are found upon other good cause shown to be unable to perform their duty, or are discharged for other legal cause. Here, the trial court asked Juror 33 why he could not serve and took the juror at his word, accepting that he was upset about his inability to judge Cloud. Compare *Scott v. State*, 219 Ga. App. 798, 800 (2) (466 SE2d 678) (1996). A trial court may, in exercising its discretion, replace a juror with an alternate whenever it "is convinced that the removed juror's ability to perform his duties is impaired." *Smith v. State*, 266 Ga. 827, 829 (2) (470 SE2d 674) (1996). The record provides no support for Cloud's contention that the juror was actually expressing his view of Cloud's innocence. In the circumstances of this case, where the court made an informed finding of incapacity, we cannot say it abused its discretion. *Scott*, 219 Ga. App. at 800 (2).

2. Cloud argues that substituting the alternate, a white male, for Juror 33, an African American male, abridged his right to a fair and impartial jury. The record shows that the sole reason Juror 33 was removed was his reluctance to continue serving. This is sufficient to rebut any claim of racial discrimination. See *Jenkins v. State*, 269 Ga. 282, 290 (11) (498 SE2d 502) (1998). The record also shows that during jury selection Cloud unsuccessfully requested that Juror 33 serve as the alternate, a fact which undermines his claim that his rights were violated when his request was ultimately granted. Inasmuch as alternate jurors are selected in the same manner and must have the same qualifications as the impaneled jurors, we fail to see how the substitution of the alternate harmed Cloud, particularly when the trial court specifically investigated Juror 33's inability to serve and the juror stated that he had voluntarily voted for a guilty verdict. OCGA § 15-12-169; see *Herring v. State*, 224 Ga. App. 809, 812 (1) (481 SE2d 842) (1997).

3. The record refutes Cloud's claim that the trial court's limited inquiry into Juror 33's doubts about a guilty verdict deprived him of due process. During trial, the trial court made two separate inquiries into Juror 33's motives. Its investigation was sufficient to assure that Juror 33 was not holding out for a not guilty verdict or otherwise a victim of juror misconduct. See *Cannon v. State*, 223 Ga. App. 248, 249 (3) (477 SE2d 381) (1996); *Peek v. Kemp*, 784 F2d 1479 (1) (11th Cir. 1986), cert. denied, 479 U. S. 939 (107 SC 421, 93 LE2d 371) (1986).

4. Cloud maintains that the State's comment during closing on his decision not to testify requires reversal.[2] While comment on a

---

[2] The State argued:

"What did I tell you at the beginning of this case? It is not going to be a matter of who done it. Could we prove it beyond a reasonable doubt? And I told you, and I'm going to stand

criminal defendant's decision not to testify is undoubtedly improper, Cloud's failure to object waived the error. See *Hill v. State*, 250 Ga. 277, 283 (4) (a) (295 SE2d 518) (1982); *Givens v. State*, 199 Ga. App. 709-710 (405 SE2d 898) (1991).

5. The evidence, viewed in the light most favorable to the verdict, was sufficient to sustain the verdicts on the rape and aggravated sodomy counts.[3] *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). The victim testified that Cloud forced her to have intercourse with him and then forced her to perform oral sex. The emergency room doctor who examined the victim after the rape found redness and inflammation in her vaginal area. DNA tests revealed Cloud's body fluids on the towel he used after raping the victim. Police also retrieved Cloud's jacket, which the victim tore trying to push the gun away from her head. The officer had to drive the victim back to her apartment and break into her apartment to get to her two-year-old because Cloud kept her keys when he left the grocery. This is sufficient evidence to support the verdicts. OCGA §§ 16-6-1 (a); 16-6-2 (a). Because use of a weapon was not an essential element of either rape or aggravated sodomy and the evidence of force was not dependent on the presence of a weapon, the fact that Cloud was acquitted of a firearms charge does not alter this conclusion. Compare *Strong v. State*, 223 Ga. App. 434 (477 SE2d 866) (1996).

6. Cloud contends his trial counsel was ineffective for failing to object to the State's comment on his failure to testify, failing to request a curative instruction and, in fact, refusing such. To establish ineffectiveness, Cloud must prove that his trial counsel's performance was deficient and but for the deficiency there was a reasonable probability the result of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Brown v. State*, 257 Ga. 277, 278 (2) (357 SE2d 590) (1987). An error by counsel, even if professionally unreasonable, does not warrant reversal of a criminal conviction if it had no effect on the judgment. *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995).

As noted, comment on a defendant's failure to testify is improper.[4] *Hill*, 250 Ga. at 282. However, Cloud failed to show sufficient prejudice arising from this error to warrant reversal. The evidence of rape, aggravated sodomy, and kidnapping, particularly the

---

back up here in a little while, and I'm going to tell you again, I told you to make sure to listen to all the witnesses, every single one of them, and the defendant, if he so chose to put him up. And gee, did he?"

[3] Although Cloud challenged the sufficiency of the evidence on each count in separate enumerations, we have consolidated them into one division.

[4] At the motion for new trial hearing, trial counsel testified that he simply did not hear the prosecutor's statement in its entirety.

victim's testimony, was sufficiently overwhelming to preclude such a finding. See *Jenkins v. State*, 224 Ga. App. 604, 605 (3) (481 SE2d 590) (1997). Further, the trial court instructed the jury that Cloud bore no burden of proof and had the right to remain silent.[5] Such prevents us from finding a reasonable probability that the prosecutor's improper comment could have altered the trial's outcome. Because Cloud failed to raise his arguments on the jury instructions in the trial court, the issue was waived. *Keanum v. State*, 212 Ga. App. 662, 663 (1) (442 SE2d 790) (1994).

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED DECEMBER 10, 1998.

*Virginia W. Tinkler*, for appellant.

*J. Tom Morgan, District Attorney, Noah H. Pines, Assistant District Attorney*, for appellee.

---

[5] The latter instruction related to a statement Cloud gave police denying having sexual relations with the victim.