## S07A0040. COOPER v. THE STATE.

(642 SE2d 817)

HUNSTEIN, Presiding Justice.

James Cooper was convicted of malice murder and other crimes arising out of the armed robbery and shooting death of John Atkins. The trial court denied his motion for new trial[1] and he appeals, challenging the denial of his motion to suppress witness identifications, the substitution of the trial judge during jury deliberations and the effectiveness of his trial counsel. Finding no error, we affirm.

1. The jury was authorized to find that appellant arrived at the victim's laundromat shortly before it opened and joined about a dozen other customers, including a couple who knew appellant by sight, in cleaning clothes until the victim arrived and opened a change machine to retrieve money to pay an employee. Appellant then pointed a gun at the victim's head and ordered him to put the money in a bag. When the victim asked whether appellant would kill him in front of all the people in the laundromat, appellant said, "hell, yeah, I'll kill you," and shot the victim multiple times, inflicting fatal injuries. Appellant then grabbed the money and fled the scene. The couple who knew appellant told police they knew him as "Coop" and identified him at trial as the perpetrator of the crimes. Two other eyewitnesses who had selected appellant from a photographic lineup also identified him at trial.

The evidence adduced was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the charged crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred by denying his motion to suppress witness identification because the photographic lineup was impermissibly suggestive, arguing that he was the only individual in the lineup wearing a "hoodie" and thus was the only one whose clothing matched that of the alleged perpetrator.[2] However,

---

[1] The crimes occurred on April 19, 2003. Cooper was indicted July 16, 2003 in Fulton County on charges of malice murder, two counts of felony murder, armed robbery, aggravated assault and two counts of possession of a firearm during the commission of a felony. He was found guilty on all counts by a jury whose verdict was filed March 15, 2004 and was sentenced that date to life imprisonment on the malice murder charge and two concurrent five-year terms on the possession charges to run consecutively to the murder charge. The trial court subsequently vacated one of its two sentences on the possession charges pursuant to *State v. Marlowe*, 277 Ga. 383 (589 SE2d 69) (2003). Cooper's motion for new trial, filed March 16, 2004 and amended October 15, 2004, was denied July 19, 2006. A notice of appeal was filed August 7, 2006. The appeal was docketed September 5, 2006 and was submitted for decision on the briefs.

[2] The lineup depicted head-and-shoulder photographs of six men, one of whom was appellant and all of whom were of the same general age and had similar physical characteristics. Three men were wearing round-necked, collarless shirts; one wore two layers of round-necked, collarless shirts; one wore a round-necked shirt with a collared shirt on top; and

the record fails to support appellant's contention that the crimes were committed by a man wearing a hooded shirt. No eyewitness testified that the perpetrator was wearing a hooded shirt.[3] The courts have found photo lineups "not impermissibly suggestive when the defendant's clothing differed from the others' in some respect, because in those cases, the witnesses had not described [the perpetrator] as wearing the clothing the defendant wore when he was identified. [Cits.]" *Heng v. State*, 251 Ga. App. 274, 276-277 (2) (554 SE2d 243) (2001) (identification procedure impermissibly suggestive when defendant only person wearing unusual clothing exactly matching victims' description). Based upon our review of the photographic display included in the record, we conclude that the trial court was authorized to find that there was no impermissible suggestiveness. See generally *Williams v. State*, 275 Ga. 622 (2) (571 SE2d 385) (2002).

3. The transcript reflects that the trial judge who heard the case and charged the jury was replaced, due to an unspecified emergency, by a different judge who accepted the verdict from the jury.[4] The trial judge thereafter returned and sentenced appellant. Appellant contends his due process rights were violated by the temporary replacement of the trial judge. Pretermitting appellant's failure to object to this procedure, we conclude that appellant can show no harm resulting from the temporary substitution of the trial judge. See *Speed v. State*, 270 Ga. 688 (42) (512 SE2d 896) (1999) (substitute judge gave charge to jury and presided over deliberations); see also *McIntyre v. State*, 266 Ga. 7 (2) (463 SE2d 476) (1995) (replacement judge presided over end of trial).

4. In his final enumeration, appellant contends trial counsel was ineffective for (a) not presenting evidence that two eyewitnesses at the laundromat had been unable to identify appellant from the photographic lineup, (b) withdrawing a requested charge that no adverse inference should be drawn when a defendant does not testify, and (c) allowing co-counsel to give the closing argument. Because

---

appellant wore a shirt with a rolled collar, which the parties agree was a hood attached to the shirt.

[3] One eyewitness, McCurtis, testified both at the hearing on appellant's motion and at trial that the perpetrator was wearing a black t-shirt; eyewitness Ashley testified at the hearing that the perpetrator was wearing a sweatshirt, but could not recall if the shirt had a hood. No other eyewitness provided any description of the perpetrator's clothing.

[4] At the hearing on the motion for new trial, appellate counsel also asserted that the different judge answered a routine question posed by the jury (regarding a request to see certain police reports and witness statements). While the jury's request is attached as a court exhibit in the record, that document does not clearly reflect that a judge other than the trial judge handled the matter. The trial transcript contains no reference to this matter.

appellant failed to show both that counsel's performance was deficient and that the deficiency prejudiced his defense in regard to these matters, see *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), we affirm.

(a) Counsel testified at the hearing on the motion for new trial that he chose not to call the two eyewitnesses who had failed to identify appellant in the photo lineup because he did not consider their testimony strong enough to justify the loss of the right to conclude closing argument.[5] At the time of appellant's trial, it was a well-recognized trial tactic for defense counsel to decline to present evidence so as to preserve the final word in closing argument.[6] See *Williams v. State,* 265 Ga. 681 (1) (461 SE2d 530) (1995). Counsel's decision not to call the two eyewitnesses was reasonable under the circumstances. As to counsel's failure to conduct a more in-depth cross-examination of the police officer who conducted the photo lineup regarding these two eyewitnesses, "[t]he scope of cross-examination is grounded in trial tactics and strategy, and will rarely constitute ineffective assistance of counsel." (Footnote omitted.) *Simpson v. State,* 277 Ga. 356, 359 (4) (b) (589 SE2d 90) (2003). The trial court did not clearly err by concluding that appellant received effective assistance of trial counsel in regard to the cross-examination of the police officer. See generally *Butler v. State,* 273 Ga. 380 (10) (b) (541 SE2d 653) (2001).

(b) Although counsel initially requested a charge that the jury should draw no inference from a defendant's decision not to testify, counsel later withdrew the request. The trial court during both its preliminary and concluding charges instructed the jury that there was no burden of proof upon the defendant and that "the burden never shifts to the defendant to introduce evidence or to prove innocence." Even assuming, arguendo, that counsel's decision was professionally unreasonable in withdrawing the charge, appellant has failed to show sufficient prejudice arising from the error to warrant reversal. See *Cloud v. State,* 235 Ga. App. 721 (6) (510 SE2d 370) (1998).

(c) Lack of experience alone cannot constitute grounds for an ineffective assistance of counsel claim. *Stephens v. State,* 265 Ga. 120 (2) (453 SE2d 443) (1995). Furthermore, the transcript reveals that

---

[5] One witness was an older person whose view of the crimes was obstructed; the other witness had selected appellant's photo but also indicated the perpetrator could have been another man in the lineup.

[6] The tactical advantage to this defense decision was eliminated when the Legislature subsequently amended OCGA § 17-8-71 to give the State first and last closing argument, regardless of whether or not the defense introduces evidence.

the trial court questioned appellant and obtained his express agreement on the record that he was "comfortable" with the decision to allow co-counsel to handle closing. See *Brown v. State*, 225 Ga. App. 49 (1) (b) (483 SE2d 318) (1997) (party cannot complain of decision made by defense counsel in which he participated fully). Although appellant contends the jury may have misunderstood one comment made by co-counsel,[7] defense counsel

> is given wide latitude in making closing arguments. [Cit.] This Court will not, with benefit of hindsight, second-guess defense trial strategies in closing arguments. Absent a strong showing that counsel's actions were not reasonable, we will presume that these strategies were not deficient. [Cit.]

*Allen v. State*, 263 Ga. 60, 62 (4) (428 SE2d 73) (1993). We have reviewed the record and found no ineffective assistance of counsel here.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 26, 2007.

*Charles H. Frier*, for appellant.
*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Bettieanne C. Hart, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Edwina M. Watkins, Assistant Attorney General*, for appellee.

---

[7] Appellant contends the jury may have misunderstood co-counsel's comment regarding the lack of evidence found by police on appellant's clothing to refer to clothing police found at the laundromat, rather than to the clothing appellant was wearing at the time he was arrested six days later, and therefore may have believed counsel conceded appellant's presence at the laundromat, thereby undermining appellant's mistaken identity defense.