## A07A2244. PAYNE v. THE STATE.
(660 SE2d 405)

BARNES, Chief Judge.

Christopher Payne appeals his convictions for two counts of aggravated child molestation, three counts of child molestation, and one count of cruelty to children. He contends the State failed to prove venue, the trial court erred by admitting evidence of a similar transaction, his right to be present at every significant proceeding was violated, and his defense counsel was ineffective. Finding no reversible error, we affirm Payne's convictions.

Viewed in support of the verdict, the evidence shows that the victim, Payne's adopted stepdaughter, approached a police officer at her school in Douglas County and reported that Payne had molested her and had been having sexual intercourse with her for many years. The officer took the victim to the Douglas County Sheriff's Office where she stated in a videotaped interview that Payne had molested her and had sexual intercourse with her in their home. The tape was played for the jury. In her statement the victim repeated her allegations, but 22 months later she recanted. Nevertheless, Payne was indicted for two counts of aggravated child molestation, three counts of child molestation, and one count of cruelty to children. At trial, the victim admitted that she told the officers that Payne committed the sexual acts in her room at her house and that she told a friend that Payne had touched her sexually.

After the jury convicted Payne on all counts, he was sentenced to 40 years in prison with 20 to serve.

1. As Payne has not challenged the sufficiency of the evidence apart from his allegation regarding venue, no issue concerning the sufficiency of the evidence to prove the other elements of the crimes of which he was convicted is properly before us. Nevertheless, we find the evidence sufficient on all the other elements to sustain his convictions. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Payne contends the State failed to prove venue because it did not prove that the crimes alleged were committed in Douglas County where he was tried. Under our Constitution, proper venue in all

criminal cases is the county in which the crime was allegedly committed and is a jurisdictional fact[1] that must be proved by the prosecution beyond a reasonable doubt. *Jones v. State*, 272 Ga. 900, 901 (2) (537 SE2d 80) (2000). The prosecution may prove venue by direct and circumstantial evidence. Id. at 902-903.

The standard of review is whether, considered in the light most favorable to the prosecution, the State proved the essential element of venue beyond a reasonable doubt. *Jones v. State*, supra, 272 Ga. at 902-903. Further, "because venue is an essential element of the State's case and must be decided by a jury, only evidence presented to the jury may be considered on appeal." *Thompson v. State*, 277 Ga. 102 (586 SE2d 231) (2003) (evidence showing that the act supporting child molestation charge occurred at residence and that the residence was in Houston County sufficient to prove venue).

The evidence shows that the prosecution proved that the victim's neighbor lived in Douglas County, the officials who investigated the crime were employed by the Douglas County Sheriff's Department, employees of the Douglas County Department of Family and Children Services ("DFCS") were involved in the victim's case, the Douglas County Juvenile Court was involved in the proceedings, and a hospital report created by a nurse, detailing both the victim's and the investigator's statements, states that the victim's home where the molestation was alleged to have taken place was in Douglasville, Georgia, in Douglas County. The statements by the victim in this report, although arguably hearsay, are admissible under the child hearsay statute, OCGA § 24-3-16.

Most significantly, the victim's friend testified that she told them that Payne had molested her in their home, and the victim said in her statement to the authorities that Payne molested and had sexual intercourse with her in their home. She also admitted that she told a friend that Payne molested her in her bedroom.

"In light of the well-settled principle that public officials are believed to have performed their duties properly and not to have exceeded their authority unless clearly proven otherwise, the jury was authorized to find the [DFCS employees] acted within the territorial jurisdiction in which [they] testified [they were] employed." *Chapman v. State*, 275 Ga. 314, 317-318 (4) (565 SE2d 442)

---

[1] As our Supreme Court stated, "[p]roving venue is a simple exercise that generally requires the asking of one question. In light of the ease with which venue can be proved, it is difficult to understand why the appellate courts are repeatedly faced with this issue." *Chapman v. State*, 275 Ga. 314, 317 (4), n. 4 (565 SE2d 442) (2002). Although we understand that in this case the State was faced with a noncooperative victim, opportunities existed when the victim was cooperating to elicit the necessary information to establish venue, and the fact that the victim's home is in Douglas County could have been easily proved by any number of available witnesses.

(2002). While evidence that authorities from Douglas County investigated the case would not be sufficient by itself to prove venue in Douglas County, *In the Interest of B. R.*, 289 Ga. App. 6, 8 (2) (656 SE2d 172) (2007), nor would evidence that the neighbors' home is in Douglas County, *Jones v. State*, supra, 272 Ga. at 903-904; *King v. State*, 271 Ga. App. 384, 387 (1) (609 SE2d 725) (2005), the victim's videotaped statement and her statements to her friends that she was molested in her home, when coupled with the other evidence that the home was located in Douglas County, was sufficient evidence from which the jury could conclude beyond a reasonable doubt that the crimes were committed in Douglas County. *Franklin v. State*, 279 Ga. 150, 153 (3) (611 SE2d 21) (2005) (venue established on admission of appellant's property survey showing location in county as well as license for business on that property); *Thompson v. State*, supra, 277 Ga. at 104 (3).

3. Payne also contends the trial court erred by admitting evidence of his prior "unrelated" rape of an adult woman and burglary of her apartment. We find no error.

> When similar transaction evidence is being introduced to prove motive, intent, or bent of mind, it requires a lesser degree of similarity to meet the test of admissibility than when such evidence is being introduced to prove identity. See *Harris v. State*, 222 Ga. App. 52, 53 (2) (473 SE2d 232) [(1996)]. Similar transaction evidence can be introduced to prove bent of mind when there exists some logical connection between the similar transaction evidence and the charged offense so that the similar transaction evidence tends to establish the charged offense. See *Banks v. State*, 216 Ga. App. 326, 327 (2) (454 SE2d 784) [(1995)].

*Fields v. State*, 223 Ga. App. 569, 571 (2) (479 SE2d 393) (1996). This rule allowing the admissibility of similar transactions is most liberally extended in the area of sexual offenses, particularly sexual offenses against children. *Johnson v. State*, 242 Ga. 649, 653 (3) (250 SE2d 394) (1978).

4. Payne further alleges that his right to be present at all critical stages of his trial was violated because the trial court addressed the venire panel and spoke to one of the jurors individually without him or his counsel present. See Art. I, Sec. I, Par. XII, Ga. Const. (1983). The right of the defendant to be present at all proceedings against him is an important right guaranteed by our State Constitution, *Wilson v. State*, 212 Ga. 73, 74 (90 SE2d 557) (1955), and if a defendant is denied the right to be present at a critical stage, prejudice is presumed and a new trial is mandated. *Pennie v. State*,

271 Ga. 419, 422 (520 SE2d 448) (1999). Additionally, the appellate courts of this state have emphasized the importance of trial courts not engaging in any type of ex parte communications with jurors. See, e.g., *Hanifa v. State*, 269 Ga. 797, 807 (505 SE2d 731) (1998); *Berryhill v. State*, 235 Ga. 549, 554 (12) (221 SE2d 185) (1975).

This record shows, however, that Payne's right to be present at all critical stages of the proceedings was not denied. The trial court's order denying Payne's motion for a new trial reveals that

> during the term of court at which this matter was tried, the [trial judge] was the Presiding Judge for the Circuit. In that capacity it was the undersigned's responsibility to address the entire array of all the jurors who had been summoned for any trials for that week in the jury assembly area on the main level of the courthouse to ascertain whether or not any of the jurors should be excused or postponed to another week due to their circumstances. Further, the juror at issue was excused for cause on the defendant's motion. As far as this court is aware, there is nothing improper about this practice, and the defendant did not raise any request to be present during such process prior to the motion for new trial to object to that method of dealing with juror excuses.

The record also reflects that on the first session of the first day of Payne's trial the judge went to where the potential jurors were assembled for the administrative matters noted in the order and when he returned, he said that he had "one police officer that asked to be excused. I think — presumed you would have wanted him excused for cause, so I let him be excu — well, actually he was not excused. We postponed him to a civil week, but I presume that you wouldn't want a police officer on there." Later, the court welcomed the potential jurors to the courtroom, and after reading the indictment to them, the transcript shows the voir dire oath was administered and the court asked whether any of them had formed or expressed any opinion in regard to the guilt or innocence of the accused. One potential juror, Mr. Adams, answered in the affirmative. The court asked counsel to approach and the following colloquy took place:

> THE COURT: Mr. Adams came up to me downstairs to tell me he is a thirty-year former Atlanta Police officer and that he believes that anybody who is accused of a crime is guilty.
> [DEFENSE COUNSEL]: Well he said that to you downstairs?
> THE COURT: Yes, sir.

[DEFENSE COUNSEL]: Okay, Well, I would excuse for cause immediately. What do we —

THE COURT: Well, I'm just telling you. I mean, if you don't take my word for it, I won't excuse him.

[DEFENSE COUNSEL]: No, I —

THE COURT: He said it had nothing to do with this case. It's any case.

[DEFENSE COUNSEL]: Okay, All right.

THE COURT: So — any response from the State? Like I say, he was — you heard him when you were down there. He was dead set. The only people he would conclude not guilty would be accused police officers.

[DEFENSE COUNSEL]: Okay.

THE COURT: So — all right. I'm going to excuse him for cause.

Payne does not complain about the fact that this juror was excused, and OCGA § 15-12-172 clearly authorizes a trial court, in exercising its discretion, to "replace a juror with an alternate whenever it is convinced that the removed juror's ability to perform his duties is impaired." (Citations and punctuation omitted.) *Cloud v. State*, 235 Ga. App. 721, 722 (1) (510 SE2d 370) (1998).

Nevertheless, the right to be present does not extend to any and all communications between the trial courts and *potential* jurors. *Hanifa v. State*, supra, 269 Ga. at 807 (6), illustrates that the scope of the right protected is a criminal defendant's "right to be *present* and see and hear, *all the proceedings* which are had against him on the trial before the Court." The out-of-court conversation downstairs of which Payne complains was simply not part of the proceedings against him, and the record plainly shows that Adams was excused as a juror for Payne's trial at a bench conference in court, based upon the challenge of Payne's counsel with Payne present in the courtroom. We find no error.

5. Payne contends his defense counsel was ineffective because he did not object to evidence that the victim was being hidden from the prosecution and her grandmother had been indicted for lying about where the victim was living, and by failing to object when the victim's foster mother bolstered the credibility of the victim.

Under our law,

[t]o prevail on a claim of ineffective assistance, a defendant must show that counsel rendered deficient performance and that actual prejudice resulted. Counsel are strongly presumed to have rendered adequate assistance and made all

significant decisions in the exercise of reasonable professional judgment, and counsel's performance is evaluated without reference to hindsight. A petitioner has suffered actual prejudice only where there is a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Ineffective assistance claims are mixed questions of law and fact. We accept the [trial] court's findings of fact unless clearly erroneous and independently apply the law to those facts.

(Citation and punctuation omitted.) *Head v. Hill*, 277 Ga. 255, 266 (VI) (587 SE2d 613) (2003). Further, when considering a claim of ineffectiveness, a critical distinction exists between inadequate preparation and unwise trial strategy. *Hudson v. State*, 250 Ga. 479, 486 (8) (299 SE2d 531) (1983). Especially in matters of trial tactics, a Sixth Amendment claim cannot be judged by hindsight or result. *Slade v. State*, 270 Ga. 305, 307 (2) (509 SE2d 618) (1998). Further, both prongs of the *Strickland* test must be satisfied, *Buttram v. State*, 280 Ga. 595, 599 (15) (631 SE2d 642) (2006); *Dickens v. State*, 280 Ga. 320, 321 (2) (627 SE2d 587) (2006), and errors by counsel, even if unreasonable professionally, do not warrant reversal if the error had no effect on the judgment. *Collier v. State*, 280 Ga. 148, 150 (2) (625 SE2d 757) (2006).

Considering the nature of Payne's allegations, we find no reasonable possibility that the result of Payne's trial would have been different if his defense counsel had successfully objected to the evidence that the victim was being hidden or that her grandmother had been indicted for lying, or when the victim's foster mother bolstered the victim's credibility. As we do not find that the trial court's findings on the effectiveness of counsel are clearly erroneous, they must be affirmed. *Smith v. State*, 234 Ga. App. 586, 588 (1) (506 SE2d 406) (1998).

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED MARCH 26, 2008 —

*Brian Steel*, for appellant.
*David McDade, District Attorney, James E. Barker, James A. Dooley, Assistant District Attorneys*, for appellee.