A08A0577. FREEMAN v. THE STATE.
(662 SE2d 750)

RUFFIN, Presiding Judge.

Reginald Freeman was indicted for rape. Following a trial, he was convicted of statutory rape. Freeman appeals, arguing that the

trial court erred in submitting the statutory rape charge to the jury, admitting certain character evidence, and excusing a juror during the trial. For reasons that follow, we affirm.

Viewed favorably toward the verdict,[1] the evidence shows that Freeman, who was 40, had sexual intercourse with a 13-year-old girl on August 2, 2004. The victim testified that the intercourse was forcible and against her will. At trial, Freeman conceded that he engaged in sexual intercourse with the victim, but he testified that it was consensual. According to Freeman, the victim "appeared to be young," but she told him that she was "born in [19]86" and "was old enough."

Freeman was indicted for rape. At trial, the trial court agreed to charge the jury on statutory rape, as requested by the defense. The jury acquitted Freeman of rape and found him guilty of statutory rape. He moved for a new trial, and the trial court denied the motion.

1. Freeman contends that the trial court erred in charging the jury on statutory rape. We disagree.

The State alleged in the indictment that Freeman, "on the 2nd day of August, 2004, did have carnal knowledge of the person of [P. P.], a female, forcibly and against her will." Freeman was not indicted for nor charged with statutory rape,[2] and statutory rape is not a lesser included offense of forcible rape.[3] Thus, Freeman argues, his conviction for statutory rape was not authorized. Indeed, "[i]t is an elementary principle of criminal procedure that no person can be convicted of any offense not charged in the indictment."[4] But here, Freeman specifically requested the statutory rape charge, and, in so doing, he induced any error.[5] It is axiomatic that "[a] defendant cannot complain of a verdict which was brought about by a charge which he had requested or that is aided by his own trial tactics, procedures, and conduct."[6]

---

[1] See *Kurtz v. State*, 287 Ga. App. 823, 824 (652 SE2d 858) (2007).

[2] "A person commits the offense of statutory rape when he . . . engages in sexual intercourse with any person under the age of 16 years and not his . . . spouse." OCGA § 16-6-3 (a).

[3] See *Grayer v. State*, 176 Ga. App. 248, 249-250 (335 SE2d 483) (1985).

[4] (Punctuation omitted.) *Smith v. State*, 202 Ga. App. 664, 665 (415 SE2d 481) (1992). "There may, of course, be a conviction of a lesser offense than that expressly named in the indictment, where the former is necessarily included in the latter, and also in some cases in which the lesser is not so included in the greater offense but where the language used in the indictment is sufficient to embrace the smaller offense." Id.

[5] See *Griffith v. State*, 188 Ga. App. 789 (374 SE2d 359) (1988).

[6] (Punctuation omitted.) *Delacruz v. State*, 280 Ga. 392, 397-398 (5) (627 SE2d 579) (2006); see *Parker v. State*, 282 Ga. 897, 899 (5) (655 SE2d 582) (2008); *Green v. State*, 287 Ga. App. 248, 251 (2) (651 SE2d 174) (2007); *Griffith*, supra. Compare *Stulb v. State*, 279 Ga. App. 547, 548 (1) (631 SE2d 765) (2006) (failure to object to charge does not operate as a waiver on

Despite the fact that Freeman requested the statutory rape charge, we are admittedly troubled by the trial court's willingness to submit it to the jury, given that statutory rape was not included in the indicted offense, nor was it otherwise included within the language of the indictment. However, based on the binding precedent of *Griffith v. State*,[7] we are constrained to affirm Freeman's conviction. We also note that in this case it can be inferred that Freeman's decision to request the statutory rape charge was strategic, as forcible rape carries a substantially higher penalty than that mandated for statutory rape.[8] Moreover, Freeman's defense to the rape charge was that the intercourse was not forcible or against the victim's will. Given Freeman's admission that he had sexual intercourse with the 13-year-old victim, his conviction for statutory rape was authorized by the evidence.[9] Under these particular circumstances, we find no grounds for reversal.[10]

2. Freeman maintains that the trial court erred in allowing the State to impeach him with a certified conviction for failure to maintain his lane, "a misdemeanor offense that did not involve moral turpitude," in violation of OCGA § 24-9-84.1. But Freeman has not provided a reference to the record to support his contention that such a conviction was admitted into evidence, and thus, we need not consider this enumeration.[11]

Our review of the record shows that the trial court admitted an exhibit containing: (1) a 1999 accusation charging Freeman with failure to maintain his lane and giving a false name to a law enforcement officer; and (2) Freeman's subsequent plea to giving a false name to a law enforcement officer.[12] Freeman did not object to admission of the exhibit. "It is well established that a party must object to an alleged error when it occurs, and the failure to do so

---

appeal where defendant was acquitted of the charges in the indictment and convicted only of a lesser included charge not listed in the indictment).

[7] Supra.

[8] See OCGA § 16-6-1 (b) ("A person convicted of the offense of rape shall be punished by death, by imprisonment for life without parole, by imprisonment for life, or by a split sentence that is a term of imprisonment for not less than 25 years and not exceeding life imprisonment, followed by probation for life."); OCGA § 16-6-3 (b) (a person 21 years of age or older who is convicted of statutory rape "shall be punished by imprisonment for not less than ten nor more than 20 years").

[9] See OCGA § 16-6-3 (a); *Perez-Hurtado v. State*, 275 Ga. App. 162, 163 (620 SE2d 435) (2005).

[10] See *Griffith*, supra.

[11] See Court of Appeals Rule 25 (c) (2) (i) ("Each enumerated error shall be supported in the brief by specific reference to the record or transcript. In the absence of such reference, the Court will not search for or consider such enumeration.").

[12] The sentence sheet indicated that the trial court entered a nolle prosequi on the failure to maintain lane charge.

results in a waiver of the right to urge such error on appeal."[13] Thus, pretermitting whether admission of the exhibit constituted error, Freeman waived his right to claim error by failing to object thereto at trial.[14]

3. Freeman further alleges that the trial court erred in excusing one of the jurors. We find no error. During the trial, the courtroom deputy advised the trial court and the parties that one of the jurors "asked [the deputy] if he [could] prepare some questions for both defense and prosecution because he already sees some loopholes and he has some questions, and being a teacher and a problem solver, he wanted to put some questions together to give to you guys." At that point, the trial court noted that he had concerns about the juror, who had fallen asleep the previous day during the trial.

The trial court brought the juror into the courtroom, indicated that he had observed him sleeping, and asked him whether he would have difficulty staying awake for the remainder of the trial. The juror responded that, "I usually average three hours of sleep a night. I work extremely hard." He indicated that his lack of sleep had presented problems for him, noting that he "[could] actually fall asleep behind the wheel of a car [while] driving." He also stated that in order to fulfill his duty as a juror, he would need to know "things beyond what's being presented in . . . court."

After consulting with the parties, the trial court excused the juror. Specifically, the trial court was concerned about the juror's inability to stay awake and his insistence that, despite the trial court's instructions to the contrary, he would "find information outside of the parameters of the trial and base his decision upon that information."

Under OCGA § 15-12-172, upon "good cause shown to the court," a trial court may replace a juror with an alternate. A trial court has "discretion to discharge a juror and replace him or her with an alternate at any time so long as the trial court has a sound legal basis."[15] Under these circumstances, the trial court did not abuse its discretion in excusing the juror.[16]

*Judgment affirmed. Andrews and Bernes, JJ., concur.*

---

[13] *Bharadia v. State*, 282 Ga. App. 556, 557 (1) (639 SE2d 545) (2006).

[14] See id.

[15] (Punctuation omitted.) *Rivera v. State*, 282 Ga. 355, 361-362 (7) (647 SE2d 70) (2007) (dismissal warranted where juror's hardship arranging childcare resulted in her tardiness); see *Brooks v. State*, 281 Ga. 14, 18 (3) (635 SE2d 723) (2006) (juror's tardiness to court provided basis for her dismissal).

[16] See *Rivera*, supra; *Brooks*, supra; *McGuire v. State*, 200 Ga. App. 509, 510 (3) (408 SE2d 506) (1991).

*Cynthia W. Harrison*, for appellant.
*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.