## A10A2233. DUNN v. THE STATE.
(706 SE2d 596)

ELLINGTON, Chief Judge.

A Fulton County jury found Jeffrey Dunn guilty beyond a reasonable doubt of statutory rape, OCGA § 16-6-3 (a); solicitation of sodomy involving a person under the age of 18, OCGA § 16-6-15 (a), (b); and pandering, OCGA § 16-6-12. Dunn appeals from the denial of his motion for new trial, contending that the trial court abused its discretion in dismissing a juror and that it violated his constitutional right to be present during a critical stage of the proceedings. He also claims that he received ineffective assistance of counsel and that his convictions for solicitation of sodomy and pandering should have merged. For the following reasons, we reverse the judgment of conviction and remand this case for retrial.

1. Dunn contends that the trial court abused its discretion when it dismissed a juror during trial without conducting a hearing in his presence and without a sound legal basis for the dismissal.

The trial transcript shows that, at the beginning of the third day of trial and after the jurors were seated in the courtroom, Dunn's counsel asked the trial court judge, "May we briefly approach?" The judge, the prosecutor, and defense counsel participated in a bench conference outside the hearing of the jury and the court reporter. After the bench conference was concluded, the judge made the following statement to the jury:

> You know, the lawyers are great. . . . [T]hey are showing me up in places that I am weak. That takes a lot many times. They reminded me this morning that I should remind you-all, parts of trials are boring, okay. Sometimes they are boring. Sometimes they can make you sleepy, okay. If you get so sleepy that you are . . . unable to hold your head up, we need to stop and give you-all a break, okay. No one in this courtroom can afford the consequence of a juror going to sleep. It's too important. So, if you can't keep your attention

or whatever, okay, you let me know, and I will take breaks every 15 minutes because your attention is that important. So, let's stay up. And if you need a break, you call on me, and . . . we will put some caffeine in your ear or something. All right. The State, call your next witness.

An hour later, following the testimony of three witnesses, a bench conference was conducted, after which the judge stated that, "The lawyers have let me know that this next witness could take a little while, so we will take a ten-minute break."

A few minutes after the jury retired, while the jury was still out of the courtroom, the trial court judge made the following announcement in open court and in Dunn's presence:

I have released [name omitted], who is juror No. 18, for two reasons. One is that he was asleep most of yesterday, and I've got a great concern that he may have missed crucial parts of the evidence. And the second [reason] is that there are two jurors, at least two, who [were] complaining about his body odor today, that it was distracting them from listening to and concentrating on the evidence. And for those reasons, I have released him, which makes our alternate . . . one of the original twelve men. So — all right. Are we ready to go?

The prosecutor responded, "Yes," then asked, "Do you want, for the record — no objection?" The judge asked him, "Is there any objection from the State?" The prosecutor said, "No." The judge asked, "How about from the defendant?" Defense counsel said, "No, your Honor."[1] The judge then said, "Let's bring [the jury] on out." According to the transcript, the jury returned to the courtroom 23 minutes after the recess began.

(a) Under OCGA § 15-12-172,[2] a trial court is vested with the discretion to discharge a juror and to replace him or her with an alternate juror at any time during the proceedings, as long as the trial court has a sound legal basis to do so. *Brooks v. State*, 281 Ga. 14, 18 (3) (635 SE2d 723) (2006); see *Payne v. State*, 290 Ga. App. 589, 593 (4) (660 SE2d 405) (2008) ("OCGA § 15-12-172 clearly

---

[1] Although defense counsel stated that he had no objection, we have concluded that Dunn did not waive any error in the dismissal of the juror for the reasons explained in Division 1 (b), infra.

[2] "If at any time, whether before or after final submission of the case to the jury, a juror dies, becomes ill, upon other good cause shown to the court is found to be unable to perform his duty, or is discharged for other legal cause, the first alternate juror shall take the place of the first juror becoming incapacitated." OCGA § 15-12-172.

authorizes a trial court, in exercising its discretion, to replace a juror with an alternate whenever it is convinced that the removed juror's ability to perform his duties is impaired.") (citations and punctuation omitted). This Court will not interfere with a trial court's decision to remove a juror from a panel absent an abuse of that court's discretion. *Pinkins v. State*, 243 Ga. App. 737, 740 (3) (534 SE2d 192) (2000).

The trial court's exercise of this discretion must be an "informed exercise," however,

> since the erroneous replacement of a juror may under certain circumstances deprive a defendant of his valued right to have his trial completed by a particular tribunal, his sixth amendment right to a fair, impartial and representative jury, and his due process rights grounded in the entitlement to procedures mandated by state law.

(Citations and punctuation omitted.) *Herring v. State*, 224 Ga. App. 809, 811 (1) (481 SE2d 842) (1997). Thus,

> [t]here must be some sound basis upon which the trial judge exercises his discretion to remove the juror. A sound basis may be one which serves the legally relevant purpose of preserving public respect for the integrity of the judicial process. Where the basis for the juror's incapacity is not certain or obvious, some hearing or inquiry into the situation is appropriate to the proper exercise of judicial discretion. Dismissal of a juror without any factual support or for a legally irrelevant reason is prejudicial [to the defendant].

(Citations and punctuation omitted.) *State v. Arnold*, 280 Ga. 487, 489 (629 SE2d 807) (2006).

In this case, there is nothing in the trial transcript to show that, at any time prior to announcing that he had dismissed the juror, the trial court judge made any statements in open court or in Dunn's presence or otherwise indicated that he had personally observed the juror sleeping during the trial. Nor does the record show that, when the judge believed that the juror was actually sleeping during trial, he took any steps to wake the juror,[3] or that he questioned the juror

---

[3] See *Foster v. State*, 255 Ga. 425, 425-426 (2) (339 SE2d 256) (1986) ("Should a juror fall asleep during the course of a trial[,] it is the duty of the trial judge to awaken him. Should counsel or the parties in a trial observe a sleeping juror[,] it is their duty to bring it to the attention of the court."); *Jones v. State*, 233 Ga. App. 291, 294 (5) (a) (503 SE2d 902) (1998) (noting that, when presented with a sleeping juror, the trial judge should take corrective

in the presence of Dunn and his counsel before deciding to dismiss the juror.[4] And, in the absence of any questioning of the juror on the record, the judge's assertion that the juror "may have missed crucial parts of the evidence" due to sleeping the previous day lacks any evidentiary support and, thus, appears to be mere speculation on his part. It also begs the question of why the judge did not act immediately if it appeared that the juror was, indeed, sleeping through crucial evidence.

Moreover, regardless of the source and extent of the judge's awareness of the juror's alleged inattentiveness, the judge's statements clearly show that he had no personal knowledge about the juror's alleged offensive body odor and that, instead, he learned about the problem from someone else. Yet, there is no record of any communication between the judge and this unidentified person.[5] Thus, the record fails to show whether the judge learned of the alleged odor problem through an ex parte communication with one or more of the jurors or through a message from the jurors to the court bailiff; to establish whether the person complaining of the odor had personally observed the problem or had heard about it from someone else; or to show when or where this communication took place, who was present, or what was said. It is undisputed, though, that if there was an ex parte communication between the judge and one or more jurors, Dunn was not present or even aware of it prior to the court's dismissal of the juror.[6] Finally, as with the alleged

measures to avoid a mistrial, if possible).

[4] See *Smith v. State*, 284 Ga. 17, 22 (4) (663 SE2d 142) (2008) (after defense counsel notified the judge that a juror appeared to be sleeping during the trial, the judge questioned the juror individually on the record and initiated changes to accommodate the juror's efforts to stay awake); *Kollie v. State*, 301 Ga. App. 534, 546 (13) (687 SE2d 869) (2009) (the trial judge questioned a juror on the record regarding concerns that he had fallen asleep during trial); *Freeman v. State*, 291 Ga. App. 651, 654 (3) (662 SE2d 750) (2008) (the trial judge questioned a juror on the record after observing that he had fallen asleep during trial).

[5] We note that a different judge presided over Dunn's motion for new trial hearing.

[6] We note that "[t]he right of the defendant to be present at all proceedings against him is an important right guaranteed by our State Constitution, and if a defendant is denied the right to be present at a critical stage, prejudice is presumed and a new trial is mandated." (Citations omitted.) *Payne v. State*, 290 Ga. App. at 591-592 (4). See *Peterson v. State*, 284 Ga. 275, 279 (663 SE2d 164) (2008) (Unlike a violation of the federal constitutional right of a criminal defendant to be present at all critical stages of the proceedings against him, a violation of the corresponding right under the Georgia Constitution is not subject to a harmless error review on appeal. Instead, absent a valid waiver of the right to be present by the defendant, a violation of the right requires reversal and remand for a new trial whenever the issue is properly raised on direct appeal.).

Further, "[a] colloquy between the trial judge and the jury is a part of the proceedings to which the defendant and counsel are entitled to be present." (Citation omitted.) *Hanifa v. State*, 269 Ga. 797, 807 (6) (505 SE2d 731) (1998). Thus, "the appellate courts of this state have emphasized the importance of trial courts not engaging in any type of ex parte communications with jurors." (Citations omitted.) *Payne v. State*, 290 Ga. App. at 592 (4).

problem of the juror sleeping through testimony, there is no record of any effort by the judge to resolve the alleged odor problem before resorting to the extreme remedy of dismissing the juror.

In a case presenting an analogous situation to the instant one, *Scott v. State*, 219 Ga. App. 798, 799-800 (2) (466 SE2d 678) (1996), the trial court dismissed a juror during deliberations after the foreperson notified the court that the juror was ill and, in the foreperson's opinion, was unable to continue with deliberations. Before dismissing the juror, the trial court did not make its own independent determination that the juror was, in fact, ill and unable to continue serving, nor did the court give the defendant an opportunity to verify that the juror was too ill to continue and to be heard on the issue before the court made its decision. Id. Under such circumstances, this Court concluded that the trial court's dismissal of the juror was premature and that the defendant was entitled to a new trial because we were unable to conclude from the record that the juror would have been excused if further inquiry had been undertaken and the defendant had been heard on the issue. Id.[7]

The record in the instant case raises similar concerns. It demonstrates that, if the juror was, indeed, sleeping during trial, the judge failed to seek input from the State and the defense regarding the problem or to make any timely efforts to address the problem before resorting to the extreme solution of dismissing the juror. Further, even though he was lacking in any personal knowledge of the juror's alleged body odor problem, the judge relied upon information obtained outside Dunn's presence from unidentified sources of untested reliability in concluding that a problem existed and, upon reaching that conclusion, failed to make any effort to solve the problem in order to avoid dismissing the juror. Finally, to the extent the judge dismissed the juror on the basis of his concern that the

---

[7] Cf. *State v. Arnold*, 280 Ga. at 488-490, wherein the court, after learning that the jury foreman had made offensive comments to other jurors during deliberations, questioned the foreman individually and the jury collectively on the record, instructed the foreman that his behavior was inappropriate, consulted with the prosecutor and defense counsel, and, after further questioning of the foreman, dismissed him. The Supreme Court of Georgia found no abuse of discretion in the dismissal of the foreman because, after personally questioning the foreman and observing his demeanor, "the trial court elicited some evidence that, in addition to merely cursing, the foreman was actively humiliating other jurors through the use of vindictive personal attacks wholly unrelated to the important issues being considered by the jury." (Footnote omitted.) Id. See also *Herring v. State*, 224 Ga. App. at 810-811 (1) (The trial court dismissed a juror who called the court to report that he would be late that morning due to mechanical problems with his truck and said he would call back with more information, but then failed to call back or appear for duty. After dismissing the juror, the court ordered the juror to appear in court and, during such appearance, the court confirmed the juror's explanation. This Court found no abuse of discretion because, at the time of the dismissal, the trial court had no information about where the juror was, how long he would be without transportation, or when he would be able to return to court.).

juror may have missed "crucial evidence," such concern is not a sound basis for dismissing the juror absent an effort to determine, in Dunn's presence and on the record, whether such concern was based upon fact or mere speculation. Therefore, we conclude that the judge abused his discretion in dismissing the juror under the circumstances presented. See *Scott v. State*, 219 Ga. App. at 799-800 (2).[8]

(b) Although the record demonstrates that the trial judge improperly dismissed the juror in this case, we must still determine whether Dunn waived any objection to the dismissal by failing to assert it at trial or whether he knowingly acquiesced in his counsel's statement to the judge that the defense had no objection to the dismissal.

"A waiver is an intentional relinquishment or abandonment of a known right or privilege." (Citation and punctuation omitted.) *Russell v. State*, 236 Ga. App. 645, 648 (2) (512 SE2d 913) (1999). In the instant case, there is nothing in the record to show that Dunn or his counsel had any knowledge of the judge's decision to dismiss the juror or the reasons behind that decision until the time of the judge's abrupt announcement — after the juror had already been released from service. Further, the trial transcript does not show that, after the judge made his announcement, Dunn's counsel discussed the dismissal with Dunn or asked him if he supported or opposed the dismissal, that Dunn expressly authorized his counsel to waive any objection to the dismissal, or that Dunn personally waived any objection to the dismissal.[9]

As for counsel's statement that the defense did not object to the dismissal, the record does not support a finding that, by his silence, Dunn knowingly acquiesced in counsel's statement.

Acquiescence means a tacit consent to acts or conditions,

---

[8] Cf. *Smith v. State*, 284 Ga. at 22 (4) (finding that the trial court did not abuse its discretion in refusing to discharge and replace a juror after questioning her about concerns that she was sleeping, confirming that there had been a single, momentary act of her "dozing off," and taking remedial actions to address the problem); *Kollie v. State*, 301 Ga. App. at 546 (13) (finding that the trial court did not abuse its discretion in refusing to discharge and replace a juror who fell asleep for only a few seconds between direct and cross-examination of a witness and, after being questioned by the court, assured the court it would not happen again); *Freeman v. State*, 291 Ga. App. at 654 (3) (finding that the trial court did not abuse its discretion in excusing a sleeping juror who, upon being questioned by the court, stated that he averaged three hours of sleep per night, worked "extremely hard," and had trouble staying awake during the day, and who asserted that, in order to fulfill his duty as a juror, he would need to know information beyond what was presented at trial).

[9] See generally *Sammons v. State*, 279 Ga. 386, 388, n. 12 (612 SE2d 785) (2005) (The Supreme Court of Georgia reminded prosecutors that they "share the duty to ensure a fair trial and that[,] if proceedings take place outside the presence of the defendant, the State may alert the trial court of the need to allow the defendant time to discuss the issue with counsel and to permit defendant to place an express waiver on the record.").

and implies a knowledge of those things which are acqui-esced in. *One can not acquiesce in a wrong while ignorant that it has been committed, and the knowledge must be of facts.* Acquiescence may arise where a person who knows that he is entitled to enforce a right neglects to do so for such a length of time that, under the circumstances of the case, the other party may fairly infer that he has waived or abandoned his right. Whether appellant knowingly acqui-esced to the waiver of his presence, by his counsel, is a mixed question of law and fact.

(Citations and punctuation omitted; emphasis supplied.) *Russell v. State*, 230 Ga. App. at 647 (1). As noted above, there is nothing in the trial transcript that shows that anyone in the courtroom at the time of the judge's announcement explained to Dunn his rights regarding the dismissal of the juror, nor is there anything in the record to show that counsel consulted with Dunn about how the defense should respond to the dismissal. Moreover, unlike a situation where a judge dismisses a juror for cause and, after consulting with the parties, proceeds with only 11 jurors[10] (an obvious change in the jury's composition), the substitution of an original juror with an alternate is a more subtle change, and the significance of such a change in the jury's composition may not be obvious to a criminal defendant.

Thus, under the circumstances presented here, with nothing in the record to show that Dunn was informed that he had a right to be tried by the twelve jurors chosen at the beginning of his trial, that the judge was not authorized to change the composition of the jury by dismissing one juror and replacing him with an alternate without sufficient legal cause, and that he had a right to be present for any questioning or communications that served as a basis for the dismissal,[11] we conclude that Dunn's silence following his counsel's waiver of any objection to the dismissal did not constitute his knowing acquiescence to such waiver. See *Russell v. State*, 236 Ga. App. at 648-649 (2) (noting that, even if it was assumed that the defendants were aware that the trial court was conducting voir dire in their absence, that knowledge did not amount to acquiescence in a waiver of their presence because there was no evidence to show

---

[10] See, e.g., *Hudson v. State*, 250 Ga. 479, 483-484 (3) (a) (299 SE2d 531) (1983); *Johnson v. State*, 214 Ga. App. 77, 78-79 (1) (447 SE2d 74) (1994).

[11] See OCGA § 15-12-172; *Peterson v. State*, 284 Ga. at 279; *Brooks v. State*, 281 Ga. at 18 (3); *State v. Arnold*, 280 Ga. at 489; *Sammons v. State*, 279 Ga. at 387-388 (2); *Hanifa v. State*, 269 Ga. at 807 (6); *Payne v. State*, 290 Ga. App. at 591-592 (4); *Herring v. State*, 224 Ga. App. at 811 (1).

that they *also* knew that they had a right to be present).[12]

Finally, it is important to acknowledge that, at the time of the court's announcement, the juror had already been released from service. Consequently, *any objection to the dismissal by Dunn or his counsel at that time or at any point thereafter would have been futile* due to the lack of any remedy.

Accordingly, we conclude that Dunn did not personally waive an objection to the dismissal of the juror, nor was Dunn sufficiently apprised of the law and the facts so that his silence following the abrupt dismissal could be viewed as his acquiescence to either the dismissal or to his counsel's response. See *Sammons v. State*, 279 Ga. at 388 (2) (Because the defendant did not waive her right to be present when the trial court dismissed a juror, and because she repudiated her counsel's apparent waiver of her right to be present at the first opportunity — during the hearing on the motion for new trial, when she was represented by new counsel — the Supreme Court of Georgia concluded that she did not acquiesce in the removal of the juror, reversed her conviction, and remanded the case for a new trial.); *Russell v. State*, 236 Ga. App. at 648-649 (2). Consequently, we reverse Dunn's conviction and remand this case for a new trial. *Sammons v. State*, 279 Ga. at 388 (2); *Russell v. State*, 236 Ga. App. at 649 (2).

2. Given our decision in Division 1, supra, Dunn's remaining enumerations of error are moot.

*Judgment reversed and case remanded. Andrews and Doyle, JJ., concur.*

DECIDED FEBRUARY 24, 2011.

*Kenneth D. Kondritzer*, for appellant.
*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Assistant District Attorney*, for appellee.

---

[12] Cf. *Womack v. State*, 273 Ga. App. 300, 306 (3) (c) (614 SE2d 909) (2005) (The trial court notified defense counsel that one of the jurors needed to go home. Before discussing the issue, counsel waived the defendant's presence. After the juror explained her emergency circumstances, counsel told the court, on behalf of the defendant, that he did not oppose allowing the juror to be excused for cause. *Before excusing the juror, the court instructed counsel to confer with the defendant to ensure that he agreed with the decision, and counsel did so.* The defendant never expressed any objection to the court's decision or the fact that the court had discussed the issue with counsel in his absence. Under these circumstances, the Court found that the defendant acquiesced in his counsel's waiver of his presence.).