A92A0250. STOKES v. THE STATE.
(418 SE2d 419)

JOHNSON, Judge.

Vincent D. Stokes (Stokes) appeals from his conviction of possession of cocaine with intent to distribute and the denial of his motion for a new trial.

1. Stokes asserts that the trial court erroneously replaced two jurors with alternate jurors. We agree.

"OCGA § 15-12-172 authorizes the trial court to replace a juror who 'dies, becomes ill, upon other good cause shown to the court is found to be unable to perform [his] duty, or is discharged for other legal cause. . . .' The statute implicitly authorizes the trial court to exercise its discretion with regard to excusing a juror from the panel."

*Baptiste v. State*, 190 Ga. App. 451, 453 (2) (379 SE2d 165) (1989). In the instant case, the jury sent a message to the judge after approximately 30 minutes of deliberations. The jury was brought into the courtroom and the foreperson stated that two jurors "cannot or will not make a decision because they feel that there has not been enough evidence either way." The court sent the jury back to the jury room and told them to write down their question. The jury sent back a note stating, "Jurors will not make a decision as to the innocence or guilt of the defendant." The judge called the jury back to the courtroom and instructed them that each juror must vote, but if the two jurors in question would not vote, the court would replace them with the two alternate jurors. The jury returned to the jury room and the two jurors indicated they still would not vote. The court then dismissed those two jurors and replaced them with the two alternates. The court did not give any sort of further charge or instruction to the jury with its two replacements. Eight minutes later the jury returned with a guilty verdict.

The trial court abused its discretion in replacing the two jurors. There was no showing that the jurors were in any way incapacitated or unable to fulfill their duties and no other legal cause was shown. The court made no attempt to inquire into the jurors' reasons for not voting. In fact, the only reason reflected in the record is the foreperson's statement that they felt there was "not enough evidence either way." This statement indicates that those two jurors either had reasonable doubt about Stokes' guilt or were confused about the meaning of reasonable doubt. The court should have either recharged the jury as to the burden of proof and continued deliberations or declared a mistrial. Instead, the court took the extraordinary step of simply replacing two jurors who may have harbored reasonable doubt. This error was clearly prejudicial to Stokes, particularly in light of the fact that he was convicted only eight minutes after their dismissal. "[A]lternate jurors do not serve to substitute for minority jurors who cannot agree with the majority." *Peek v. Kemp*, 746 F2d 672, 681 (7) (11th Cir. 1984). This error requires a reversal.

2. Because of our decision in Division 1, we need not address Stokes' remaining enumerations of error.

*Judgment reversed. Carley, P. J., and Pope, J., concur.*

DECIDED APRIL 24, 1992. —
RECONSIDERATION DENIED MAY 4, 1992.

James A. Yancey, Jr., for appellant.
W. Glenn Thomas, Jr., District Attorney, Joanna Temple, Assis-

*tant District Attorney*, for appellee.