A02A2141. KEMP v. THE STATE.
(576 SE2d 673)

ADAMS, Judge.

Ricky Kemp appeals following his conviction by a jury of one count of armed robbery. He argues that he was denied a trial by a fair and impartial jury because his trial was conducted during the week of September 11, 2001, the date of the terrorist attacks on New York City and Washington, D.C. He also asserts that he received ineffective assistance of trial counsel because his attorneys failed to move for a continuance of his trial. We affirm.

Voir dire began in this case on the morning of September 11, and by 12:05 p.m., a jury was impaneled and sworn. At that point, a deputy announced that the courthouse was being closed for security reasons, and the jury was sent home after receiving cautionary instructions regarding the case and the media. The court reconvened the

---

next day, and the trial continued with the state's case. Kemp chose not to present any evidence on his own behalf.

1. Kemp does not contend that the state failed to meet its burden of presenting sufficient evidence of his guilt, but only asserts that the trial should not have been held during the week of September 11. While the events of September 11 were of unquestionable national importance, Kemp does not explain how he contends those events affected his trial, except to suggest that they were distracting. But there is nothing in the record before us to indicate that these events had any effect on the proceedings other than to delay them for one-half day. Nor is there anything to suggest that the jury disregarded its oath or the trial court's instructions to base the verdict on the evidence. Accordingly, there is nothing to support a finding that Kemp was denied a trial by a fair and impartial jury unless we simply assume that the jury disregarded its duties. We decline to make such an assumption. See generally *Stokes v. State*, 204 Ga. App. 141, 142 (1) (418 SE2d 419) (1992); *United States v. Brimberry*, 779 F2d 1339, 1351 (8th Cir. 1985); *United States v. Steinhorn*, 739 FSupp. 268, 275 (D. Md. 1990).

2. Kemp also asserts that his trial attorneys were ineffective in failing to request a continuance in light of the events of that week. This argument also fails because even if Kemp could establish that his attorneys' performance was deficient, he has not met his burden of showing that a reasonable probability exists that, but for that performance, the result of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668, 695-696 (104 SC 2052, 80 LE2d 674) (1984).

*Judgment affirmed. Ruffin, P. J., and Barnes, J., concur.*

DECIDED JANUARY 24, 2003.

*Wendell R. Adams*, for appellant.

*Ralph M. Walke, District Attorney, Charles D. Gafnea, Assistant District Attorney*, for appellee.