S05G1871. THE STATE v. ARNOLD.
(629 SE2d 807)

MELTON, Justice.

In *Arnold v. State*, 274 Ga. App. 187 (617 SE2d 169) (2005), the Court of Appeals held that the trial court abused its discretion by removing a juror who questioned the impartiality of the trial court and humiliated, insulted, and cursed at other jurors during deliberations. Based on the evidence of record, we find that the trial court did not abuse its discretion, and hereby reverse.

On January 7, 2003, the Lowndes County Superior Court commenced a jury trial on charges brought against George Arnold for selling cocaine in violation of the Georgia Controlled Substances Act, OCGA § 16-13-30. On the first afternoon of deliberations, the jury quickly deadlocked, and the trial court adjourned the proceedings for the day. At some point the following morning, the jurors sent a note to the judge asking if a new foreman could be appointed. The trial court responded that it was up to the jury to elect a new foreman if it chose to do so. Around lunchtime, the jury requested a written copy of the State's voir dire questions, which the trial court provided. Later

that afternoon, the trial judge received a second note concerning the foreman in which a juror wrote: "[a]ny juror especially the foreman who tells another juror to go to hell should be removed!"

After discussing the issue of the foreman's behavior at length with counsel for both the State and the defense, the trial court called the foreman into the courtroom and questioned him about the contents of the note. The foreman stated that he might have told another juror to go to hell, but he could not remember. He admitted that there had been heated arguments during deliberations and that he had told another juror that "if she didn't like it she could get out. . . ." The foreman further explained that he believed that the jury's prior request for the State's voir dire questions was made in response to a conversation between himself and another juror during which they both stated that they had previously been accused by police of crimes that they had not committed. The foreman explained that he had once been arrested for drunk driving when he had not been drinking, but that the incident did not affect his impartiality. The foreman further stated that the jury requested the voir dire questions in order to discredit him, apparently because either he or the juror whom he spoke to about negative experiences with law enforcement had failed to provide this information during voir dire.

The trial court then instructed the foreman that his behavior towards the other jurors was inappropriate. At that point, the foreman criticized the trial court, stating that he thought that some of the trial court's behavior during trial was biased and unfair because the trial court allowed others in the courtroom to personally and individually address the bench. The trial court disposed of the foreman's allegations, explaining to him that, in fact, no special consideration had been given to anyone, and the foreman was sent back to the jury room.

Once again, the trial court entered into a colloquy with counsel for the State and the defense. The trial court explained to counsel that it believed that jury deliberations had deteriorated to the point that the situation had become unsalvageable and that a mistrial might be necessary. Counsel for both sides then agreed that the entire jury should be called into the courtroom to further investigate the matter. When asked, the foreman claimed that the jury was deadlocked 10-2[1] and that he did not think further discussions would be fruitful or productive. Another juror spoke up and asked the trial court: "[i]f you had one of these twelve people that is cursing and using curse words, humiliating . . . more than one juror by cursing at them, saying that

---

[1] There is no evidence in the record revealing whether this vote favored conviction or acquittal.

you're monkeys, you're stupid and a few other things, can that person be dismissed. . . ?" In response, the trial court indicated that some action might be warranted and sent the jury out of the courtroom. The State made a motion to remove the foreman on the ground that his coercive behavior had destroyed the deliberative process of the jury. The trial court agreed, called the foreman back into the courtroom, and dismissed him. At that time, the foreman admitted on the record that he had compared some of the other jurors to monkeys because he believed that they lacked the ability to properly consider the evidence. Shortly after the foreman was removed, the jury returned a verdict of guilty. Polling of the jury confirmed the unanimous verdict.

OCGA § 15-12-172 provides: "If at any time, whether before or after final submission of the case to the jury, a juror dies, becomes ill, upon other good cause shown to the court is found to be unable to perform his duty, or is discharged for other legal cause, the first alternate juror shall take the place of the first juror becoming incapacitated." The trial court must exercise its discretion in removing a juror, and it may affect such a removal even after deliberations have begun. *Williams v. State*, 272 Ga. 828 (5) (537 SE2d 39) (2000). "There must be some sound basis upon which the trial judge exercises his discretion to remove the juror." (Punctuation omitted.) *Green v. Zant*, 715 F2d 551, 554 (11th Cir. 1983). A sound basis may be one which serves "the legally relevant purpose of preserving public respect for the integrity of the judicial process." (Punctuation omitted.) *Murray v. State*, 276 Ga. 396, 399 (4) (578 SE2d 853) (2003). Where the basis for the juror's incapacity is not certain or obvious, "some hearing or inquiry into the situation is appropriate to the proper exercise of judicial discretion." *Zant*, supra at 556. Dismissal of a juror without any factual support or for a legally irrelevant reason is prejudicial. Id.

In this case, the trial court did conduct an investigation into the foreman's behavior and developed some factual support for its decision to remove the foreman for a legally relevant reason. During the trial court's initial questioning, it ascertained that the foreman had an altercation with at least one other juror and that, during this altercation, he may have told the juror to go to hell or, at the very least, that if he or she did not like his behavior he or she could just leave. The foreman volunteered that he had previously had a negative experience with law enforcement, and he accused the trial court of being unfair and biased. Later, the foreman admitted to humiliating other jurors by calling them "stupid" and "monkeys."

The foreman's array of disruptive behavior, which went beyond the mere use of curse words, provided a sound legal basis for his removal. Certainly, removal of a juror who criticizes the impartiality of the trial court and who unduly disrupts and prevents the ongoing

deliberative process through the use of insult, slander, and humiliation serves "the legally relevant purpose of preserving public respect for the integrity of the judicial process." *Murray*, supra. While the jury room may be an appropriate place for heated debate, and cursing may sometimes occur, it does not follow that jurors must be immunized from removal for behavior which the trial court, in its broad discretion, determines to be subversive to the goals of justice. Here, after questioning the foreman and observing his demeanor,[2] the trial court elicited some evidence that, in addition to merely cursing, the foreman was actively humiliating other jurors through the use of vindictive personal attacks wholly unrelated to the important issues being considered by the jury. When combined with other behavior of the foreman, it cannot be said that the trial court abused its discretion in removing the foreman from the jury.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 8, 2006.

*J. David Miller, District Attorney, J. Bennett Threlkeld, Assistant District Attorney*, for appellant.
*Edith M. Edwards*, for appellee.

---

[2] In part, the trial court's determination in matters such as this is based on the demeanor and credibility of the juror in question, which are peculiarly in the trial court's province. See, e.g., *Porter v. State*, 278 Ga. 694 (5) (606 SE2d 240) (2004) (decision by trial court to remove prospective juror for negative opinion of police entitled to deference).