## A09A2255. SEMEGA v. THE STATE.
### (691 SE2d 923)

SMITH, Presiding Judge.

Abdoulea Semega was convicted of rape. His motion for new trial was denied, and he appeals, asserting that the trial court erred in excusing a juror and alleging prosecutorial misconduct. Because we find that the trial court abused its discretion in removing a holdout juror, we reverse.

1. OCGA § 15-12-172 provides:

> If at any time, whether before or after final submission of the case to the jury, a juror dies, becomes ill, upon other good cause shown to the court is found to be unable to perform his duty, or is discharged for other legal cause, the first alternate juror shall take the place of the first juror becoming incapacitated. . . .

The controlling law has established a procedure for addressing the question of removal of a juror for cause:

> The trial court must exercise its discretion in removing a juror, and it may [e]ffect such a removal even after deliberations have begun. There must be some sound basis upon which the trial judge exercises his discretion to remove the juror. A sound basis may be one which serves the legally relevant purpose of preserving public respect for the integrity of the judicial process. Where the basis for the juror's incapacity is not certain or obvious, some hearing or inquiry into the situation is appropriate to the proper exercise of judicial discretion.

(Citations and punctuation omitted.) *State v. Arnold*, 280 Ga. 487, 489 (629 SE2d 807) (2006).

Here, several hours after retiring to deliberate, the jury sent a note to the court that it was "at an impasse. We cannot decide unanimously." Semega's attorney moved for a mistrial, but the trial court denied the motion, brought the jury in, and instructed them to continue their deliberations. Less than an hour later, the jury sent out another note declaring that "more than one juror" was not going to change and declaring, "We are hung." The trial court sent them home for the evening since they had been deliberating for less than an hour after the court's instruction.

Deliberations resumed the following morning, and slightly over an hour later the jury sent out another note, "We still have a hung jury." The trial court expressed reluctance to declare a mistrial after only three and a half hours of deliberation, but decided to give an *Allen* charge. A few hours later the jury sent out another note declaring that it was "still at the same point," but upon inquiry the foreman of the jury stated that some progress was being made. The trial court on this basis decided to send the jury to lunch and then allow them to retire and continue to deliberate.

Approximately 45 minutes after resuming deliberations, the jury sent another note:

> Your honor, How do we handle a juror's refusal to look at all of the evidence before making a decision? His only view is since there was no camera in the room it's his word versus hers. He has stated he's not going to change his view. He's the only person that's causing our hung jury status. How do we handle this? What are our options?

The State moved for the juror to be replaced on the grounds of misconduct, and Semega's counsel moved again for a mistrial. The trial court correctly stated the controlling law:

> I think the prudent course of conduct at this point would be to bring the foreperson in and ask — I need to confirm because it is fairly strong language when the foreperson sends out a note and says that a fellow juror refuses to look at all of the evidence, how they reached that conclusion, and I think that needs to be developed for the record before I make a decision about whether or not to declare a mistrial. . . . [O]nce that is done, then I need to make a decision about who the juror is and possibly interview them outside the presence of the other jurors and then make a decision on the mistrial because if it is a validly held position, then it would be unfair to the defendant to simply replace with an alternate, but if it's a refusal, it seems to me, to look at all

the evidence, then that would be grounds for replacement and for the jurors to start deliberations again.

The trial court questioned the foreman, who stated that the juror in question "is only talking about one thing. That's it," and refusing to "look at all the evidence and talk about it." The trial court asked specifically, "Is there a refusal to discuss the other evidence?" and the foreman responded, "The juror says I have made up my mind. I don't care what you say." The trial court called in the juror, and asked if he had, "in fact, looked at all of the evidence, or are you hung up on a particular issue?" The juror responded, "Your honor, I have listened to every bit of the words that has went on in this court, and in my heart, what I have heard and seen, I just do not believe this man is guilty." Asked if he had considered all of the evidence with the other jurors and followed the court's instructions, the juror responded, "Yes, sir. To the best of my knowledge, I have done that."

The trial court then observed that it would rely on the foreman's statement "that a juror refused to look at all of the evidence. That is very telling. That is not just a strongly held belief. That is a refusal." The court then excused the juror and seated the alternate without any further inquiry. Under the circumstances presented here, this was error.

"Alternate jurors do not serve to substitute for minority jurors who cannot agree with the majority." (Citation and punctuation omitted.) *Stokes v. State*, 204 Ga. App. 141, 142 (1) (418 SE2d 419) (1992). While a trial court may properly exercise its discretion in deciding whether to remove a juror for "good cause shown" under OCGA § 15-12-172,

> it must be an informed exercise, since the erroneous replacement of a juror may under certain circumstances deprive a defendant of his valued right to have his trial completed by a particular tribunal, his sixth amendment right to a fair, impartial and representative jury, and his due process rights grounded in the entitlement to procedures mandated by state law. There must be some sound basis upon which the trial [court] exercises [its] discretion to remove the juror. Dismissal of a juror for want of any factual support, or for a legally irrelevant reason is prejudicial.

(Citations and punctuation omitted.) *Herring v. State*, 224 Ga. App. 809, 811 (1) (481 SE2d 842) (1997). Moreover, we recognized in *Herring* that both "the need for investigation and the possibility of harmful error are heightened" when a jury has begun deliberations or when a jury is deadlocked. Id. Both circumstances are present here.

In such a case, a particular danger of harmful error is posed by the removal of a lone holdout juror. Such a juror may well have concluded that a reasonable doubt exists as to the defendant's guilt and therefore has not refused to deliberate but has simply refused to engage in additional deliberation after reaching his conclusion. In *Mason v. State*, 244 Ga. App. 247, 249 (1) (535 SE2d 497) (2000), a juror stated that she "did not want to deliberate further and would not change her vote," but

> only after she and the other jurors had already deliberated for more than two days and after the court had given the jury an *Allen* charge. Contrary to the trial court's ruling, the juror did not fail to deliberate, but instead had reached her decision after having fully deliberated for more than two days.

Id.

The case before us presents just such a situation as in *Mason*, with the additional factor that a second juror originally agreed with the replaced juror, thus indicating still more strongly that the juror had not refused to deliberate but had simply reached a different decision than that of the other jurors. A holdout juror is not subject to dismissal for failing to acquiesce to the other jurors' conclusions regarding the persuasiveness of the evidence. Id.; see also *Stokes*, supra, 204 Ga. App. at 142 (1).

Under the circumstances, further investigation would have been necessary to establish additional evidence of failure to deliberate or juror misconduct before resorting to the extraordinary step of replacing a juror with an alternate. Compare *Arnold*, supra, 280 Ga. at 489-490 (affirming removal of juror who "humiliated, insulted, and cursed at other jurors during deliberations"); *Alford v. State*, 244 Ga. App. 234, 236-237 (534 SE2d 103) (2000) (juror antagonistic to other jurors, refused to deliberate, and "'wanted off' the jury"); *Thompson v. State*, 260 Ga. App. 253, 259 (5) (581 SE2d 596) (2003) (juror "was connected to an ongoing attempt to subvert the jury" and was "acting on a 'vendetta'"). Questioning of the other jurors may well have shed further light on the circumstances surrounding the disputed facts, as it did in *Thompson*.

But, as the record appears before us, the trial court did not have legal cause to remove the lone holdout juror because evidence was not presented that the juror was incapacitated or otherwise legally unfit to remain on the jury. The trial court therefore abused its discretion in denying Semega's repeated motions for a mistrial on the ground that the jury was deadlocked, and Semega's conviction must be reversed and the case remanded for a new trial. *Mason*,

supra, 244 Ga. App. at 250.

2. Semega's second enumeration of error is rendered moot by our decision in Division 1.

*Judgment reversed. Phipps and Bernes, JJ., concur.*

DECIDED MARCH 17, 2010.

*Shamsideen O. Laguda, Francis O. Kadiri*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Deborah D. Wellborn, Assistant District Attorney*, for appellee.