**FIFTH DIVISION**
**PHIPPS, P. J.,**
**DILLARD and PETERSON, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 6, 2016**

# In the Court of Appeals of Georgia

A16A0010. LAMB v. THE STATE.

PHIPPS, Presiding Judge.

Following a jury trial, Andre Lamb was convicted of child molestation. He appeals, asserting that the trial court erred in replacing a juror during trial. For reasons that follow, we affirm.

The record shows that jury selection took place on May 6, 2014. Although the selection proceedings were not fully transcribed, the parties agree that during voir dire, a prospective juror ("Juror 19") disclosed that he had a cardiologist appointment at 3:00 p.m. on May 8, 2014, in Rome, Georgia, approximately 30 minutes away from the courthouse. Despite the disclosure, both parties accepted Juror 19 onto the jury.

The trial proceeded over the next two days. On the morning of May 8, the case was submitted to the jury, which deliberated for a period of time, then recessed for

lunch. During the recess, Juror 19 reminded the court about his 3:00 p.m. appointment. The court discussed the issue with the parties, noting that they had several options: (1) inform Juror 19 that he might miss his appointment; (2) do nothing and wait to see if the jury reached a verdict before Juror 19 needed to leave at approximately 2:00 p.m.; (3) immediately replace him with an alternate juror; or (4) suspend deliberations for the day and have the jury (including Juror 19) return the next morning.

The State argued for immediately replacing Juror 19 so that the appointment would not be "pressing on his mind" and deliberations could continue. Defense counsel objected, asserting that he did not "want the Court to make any changes to the composition of the jury." After hearing argument, the trial court noted that the "worst thing" would be to do nothing and simply hope for a verdict by 2:00 p.m. The court also opposed suspending deliberations until the following day because the closing arguments and jury instructions were still "fresh on [jurors'] minds" that afternoon. The judge ultimately decided to dismiss Juror 19 and replace him with an alternate, explaining: "I find that this was a properly disclosed medical appointment. Neither [the prosecution nor the defense] chose to strike him, obviously, or he wouldn't be there. So I am going to replace him."

The court called the jury into the courtroom, confirmed with Juror 19 that he had not cancelled his medical appointment, and excused him from the case so that he would not have the appointment "weighing on [his] mind during the deliberative process." The court replaced Juror 19 with an alternate, then instructed the jury to start over with its deliberations to include the new juror. The jury subsequently found Lamb guilty of child molestation.

Lamb argues that the trial court erred in replacing Juror 19 during deliberations. We disagree. Pursuant to OCGA § 15-12-172,

> If at any time, whether before or after final submission of the case to the jury, a juror dies, becomes ill, upon other good cause shown to the court is found to be unable to perform his duty, or is discharged for other legal cause, the first alternate juror shall take the place of the first juror becoming incapacitated.

A trial court exercises its discretion in replacing a juror under this provision, and removal may occur after the jury has begun its deliberations.[1] But "[t]here must be some sound basis upon which the trial judge exercises his discretion to remove the juror."[2] In short, the trial court may remove a juror when it "is convinced that the

---

[1] *Bryant v. State*, 320 Ga. App. 504, 506 (1) (740 SE2d 247) (2013).

[2] Id. (citation omitted).

removed juror's ability to perform [his] duties is impaired."[3] We will not reverse the trial court's decision to replace a juror absent an abuse of discretion.[4]

The medical issue in this case was not a surprise. Lamb knew during voir dire about Juror 19's upcoming appointment, but nevertheless accepted him on the jury panel. When the juror reminded the court that he needed to leave for his appointment on May 8, the trial court thoroughly reviewed the options for handling the situation and determined that replacing him would be best. In reaching this determination, the trial court noted that it did not want Juror 19 to deliberate with the appointment weighing on his mind.

Ultimately, the trial court concluded that the impending medical appointment prevented Juror 19 from performing his duties on May 8. Although it considered delaying deliberations until the following day, the court elected not to do so because the case was fresh on jurors' minds that afternoon. Given these circumstances, as well

---

[3] *Weathersby v. State*, 263 Ga. App. 341, 343 (4) (587 SE2d 836) (2003) (punctuation and footnote omitted).

[4] See id.

as Lamb's original decision to accept Juror 19 onto the jury panel despite his medical conflict, the trial court did not abuse its discretion in replacing the juror.[5]

*Judgment affirmed. Dillard and Peterson, JJ., concur.*

---

[5] See *Cleveland v. State*, 218 Ga. App. 661, 664 (4) (463 SE2d 36) (1995) ("Hurrying to a verdict because of anxiety about keeping an important medical appointment relating to the juror's own health could itself infect the verdict."), overruled in part on other grounds by *Scott v. State*, 295 Ga. 39, 42 n. 4 (3) (757 SE2d 106) (2014). See also *Bryant*, supra at 508 (1) (trial court did not err in removing juror when it made an informed exercise of discretion); *Taylor v. State*, 285 Ga. App. 697, 702 (4) (647 SE2d 381) (2007) (trial court properly replaced juror with alternate after determining that juror could not perform her duties because her child had been admitted to hospital); *Cloud v. State*, 235 Ga. App. 721, 722 (1) (510 SE2d 370) (1998) (trial court did not abuse its discretion in replacing juror after making "an informed finding of incapacity").